NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY, | Court of Appeals No. A-11422 |
| Appellant, | Trial Court No. 3PA-06-1078 CI |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Appellee. | No. 2459 — June 26, 2015 |

Appeal from the Superior Court, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Hanley, District Court Judge.[*] [Allard, Judge, not participating.]

Judge MANNHEIMER.

_____

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Jimmy A. Lampley appeals the superior court's dismissal of his petition for post-conviction relief.

The superior court dismissed Lampley's petition after his court-appointed attorney filed a certificate of "no arguable merit" under Alaska Criminal Rule 35.1(e)(2)(C). The superior court gave Lampley the opportunity to respond to his attorney's "no arguable merit" certificate. After considering Lampley's response (and the replies filed by the State and Lampley's attorney), the superior court concluded that Lampley's petition had no arguable merit. The court then issued a written order explaining its reasoning and dismissing Lampley's petition.

On appeal, the State concedes that the procedure described in the preceding paragraph violated Alaska Criminal Rule 35.1(f)(2), the rule that specifies a court's duties in cases where a defendant's attorney files a certificate of "no arguable merit".

Rule 35.1(f)(2) declares that if the court examines the attorney's certificate and concurs in the attorney's assessment that the petition has no arguable merit, the court is then required to "indicate to the parties its intention to ... dismiss the [defendant's] application and *its reasons for so doing*". (Emphasis added) After the court does that, the defendant and the prosecuting attorney "shall be given an opportunity to reply to the proposed ... dismissal."

In other words, Rule 35.1(f)(2) contemplates a procedure that is different from what happened in Lampley's case. If (after reviewing the defense attorney's certificate of "no arguable merit") the court tentatively concludes that there is no arguable merit to the defendant's petition, the court must issue an order explaining *its own reasons* for reaching this conclusion, and then the court must give the defendant (and the government) an opportunity to respond to the *court's* analysis.

The reason for requiring this procedure is that the court's reasons for concluding that the petition has no merit may differ from the attorney's reasons. The defendant is entitled to notice of the *court's* reasons, and a chance to respond to them.

Several years ago, we addressed this point of law in an unpublished decision: *Frank v. State*, 2008 WL 3540508 (Alaska App. 2008) at *1 (lead opinion) and *3 (concurring opinion of Judge Mannheimer). We now conclude that we should issue a published opinion on this point.

The judgement of the superior court is VACATED. The superior court shall treat its already-issued written decision as a tentative decision, and the court shall give Lampley and the prosecutor an opportunity to file responses to that tentative decision. If either party files a response, the superior court shall re-evaluate its conclusion as to whether Lampley's petition has any arguable merit, and the court shall issue an appropriate order.

We do not retain jurisdiction over this case.